**COLUMBIA MEDICAL CENTER OF LAS COLINAS, INC. d/b/a Las Colinas Medical Center, Petitioner,**

v.

**Athena HOGUE, Individually and as Executrix of the Estate of Robert Hogue, Jr., Deceased, Christopher Hogue, and Robert Hogue, III, Respondents.**

No. 04–0575.

Supreme Court of Texas.

Argued April 12, 2005.

Decided June 19, 2009.

Diana L. Faust, R. Brent Cooper, Devon J. Singh, Cooper & Scully, P.C., Brad M. Lamorgese, McCurley, Orsinger, McCurley, Nelson & Downing, Dallas, TX, Kevin L. Wentz, Glynis L. Zavarelli, Wentz & Zavarelli, LLP, TX, for Petitioner.

Melvin H. Wolovits, Law Offices of Melvin H. Wolovits, P.C., Mark S. Werbner, Sayles/Werbner. P.C., Eric D. Pearson, Heygood Orr Reyes Pearson & Bartolomei, and Joshua Bernstein, Miller Curtis & Weisbrod LLP, Dallas, TX, for Respondent.

Justice WAINWRIGHT, joined by Justice HECHT and Justice BRISTER, dissenting from the denial of Petitioner's Motion to Clarify the Mandate.

This Court's opinion reversed the trial court's judgment for loss of inheritance damages and affirmed the jury's award of exemplary damages. 271 S.W.3d 238, 257. No other damages were challenged in the appeal. After the mandate issued, Petitioner Columbia Medical Center tendered the amount for damages affirmed in our opinion and judgment along with post-judgment interest accrued, but the Hogues, Respondents, refused the tender. The Hogues did not dispute that the damages for loss of inheritance were not recoverable as compensatory damages, but they took the position that, notwithstanding the Court's decision, the inheritance damages should be included in the statutory calculation of the maximum amount of punitive damages awardable. Columbia Medical filed a motion to clarify the mandate. Today, the Court declines to resolve this dispute.

Due to the variety of factual scenarios and the complexity of the law, the answer to many legal questions is a close call. Here, there is only one answer to the legal issue, and the Court's denial of the motion to clarify should not be read as a rejection of Columbia Medical's position. When the Court reverses a portion of economic damages that form the basis of the cap on punitive damages, it is elementary that the cap must be recalculated and reduced to account for the change. It is also elementary that a reduction in compensatory damages on appeal requires, for example, the parties to recalculate the apportionment of damages among defendants, to reconsider settlement credits, and to recalculate post-judgment interest. We should not need to expend time on such matters, but when necessary, we should answer the question and settle the dispute. Because denying the motion to clarify will likely

---

embroil the parties in further litigation, when this Court has jurisdiction to put an end to the dispute easily,[1] I respectfully dissent from the denial of the motion to clarify.

Our original opinion, issued August 29, 2008, reversed $306,393 awarded as damages to the Hogues for loss of inheritance and affirmed the award of exemplary damages, capped by section 41.008 of the Texas Civil Practice and Remedies Code. 271 S.W.3d at 255, 257. The other amounts awarded as actual damages were not changed. We held that the evidence submitted to the jury was legally insufficient to support an award of damages for loss of inheritance. *Id.* at 255. However, the loss of inheritance damages had been included as economic damages in the trial court's judgment to calculate the maximum amount of punitive damages that could be awarded under the applicable statutory cap. *See* TEX. CIV. PRAC. & REM.CODE § 41.008(b). Under chapter 41, punitive damages were capped at (1) two times any amount of economic damages plus (2) an amount equal to any noneconomic damages not exceeding $750,000. *Id.*[2]

After the Court issued its opinion and judgment, Columbia Medical filed a motion for rehearing, which was denied January 16, 2009. That same day, we issued the mandate. Thirteen days later Columbia Medical issued a wire transfer to the trust account for the Hogues' counsel in the amount of $ 8,906,385.50, which included payment of compensatory damages, punitive damages, and post-judgment interest at a ten percent rate, compounded annually. Columbia Medical's tender had reduced the amount of damages by properly deducting the loss of inheritance damages from the compensatory damages and adjusting the exemplary damages award accordingly. In other words, Columbia Medical did not include $612,786—two times the amount awarded as loss of inheritance damages—in calculating the exemplary damages cap. The Hogues refused the tender. Columbia Medical thereafter filed a motion to clarify the mandate, asking the Court to clarify that the opinion reversing and rendering the loss of inheritance damages requires the recalculation of the amount of compensatory damages as well as the statutory cap on exemplary damages. The Hogues opposed the motion, arguing that the motion was untimely or, in the alternative, that the language in the original opinion stating that Columbia Medical "does not challenge the quantum of exemplary damages" indicated that Columbia Medical had waived any right to the recalculation.

Because the Court reversed the damages award for loss of inheritance, those damages are not recoverable as part of a

---

1. Columbia Medical's motion is properly before us. Texas Rule of Appellate Procedure 18.7 provides authority for this Court to recall or modify its mandate. TEX.R.APP. P. 18.7; *see also O'Neil v. Mack Trucks, Inc.*, 551 S.W.2d 32, 32–33 (Tex.1977) (recalling the mandate to correct an error related to the remand of the case). Likewise, the motion is timely. Texas Rule of Appellate Procedure 19.4 notes that "the expiration of the appellate court's term does not affect the court's plenary power or its jurisdiction over a case that is pending when the court's term expires." TEX.R.APP. P.

19.4. The Court denied Columbia Medical's motion for rehearing on January 16, 2009. Because the motion for rehearing remained pending in 2009, this case was pending during this Court's 2009 term, and it has jurisdiction over the motion.

2. Although other subsections of section 41.008 have been amended since the time the case was filed, subsection (b) has remained unchanged since 1995.

judgment in this case, either directly or indirectly through inclusion in the calculation of the maximum exemplary damages awardable. A reversal of a portion of economic damages requires that the cap on the amount of punitive damages that could be awarded must be recalculated. *See, e.g., Seminole Pipeline Co. v. Broad Leaf Partners, Inc.,* 979 S.W.2d 730, 760 (Tex. App.-Houston [14th Dist.] 1998, no pet.) (recognizing the necessary recalculation of the punitive damages cap when a portion of economic damages is reversed by an appellate court). Columbia Medical excluded those damages from the cap, and the Hogues do not challenge Columbia Medical's math.

Instead, the Hogues essentially contend that Columbia Medical waived the right to recalculation, because Columbia Medical should have been on notice of the issue prior to the issuance of the mandate. The Hogues point to language in the Court's opinion stating that "Columbia Medical does not ... challenge the quantum of exemplary damages." That sentence refers to Columbia Medical's decision to challenge whether evidence of its mental state supported an award of punitive damages at all, rather than whether the punitive damages award was excessive. *See* TEX. CIV. PRAC & REM.CODE § 41.001(11)(B) (providing one definition of "gross negligence," which supports an award of punitive damages, as an act or omission "of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others"). The sentence had no relation whatsoever to the recalculation of exemplary damages that must be undertaken due to our striking of a portion of the economic damages. No party raised an issue with the calculation of the punitive damages cap during this appeal, and the motion to clarify merely seeks confirmation of a necessary mathematical calculation.

And Columbia Medical could not have been expected to raise this issue prior to the Hogues' refusal of the tender of payment after the mandate issued. Columbia Medical had no way of knowing beforehand that the Hogues would interpret the judgment and mandate to attempt to collect damages to which they were not entitled.

The opinion and judgment are clear: The Hogues are not entitled to loss of inheritance damages, either directly or indirectly through an increase of the exemplary damages cap. By denying this motion, the Court is leaving the parties in a quandary. It is not denying that Columbia Medical's position on the punitive damages cap is correct (which it undisputably is). If the Hogues continue to press the issue, at best the failure to address the motion to clarify will force Columbia Medical to continue to litigate this dispute, perhaps by filing a new action, having to pay post-judgment interest that continues to accrue, incurring additional attorneys' fees, and expending time over a matter we settled nearly a year ago. It is possible that this matter will come before the Court again. At worst, the Court's inaction today could result in a more than $612,000 windfall directly contrary to our opinion.

Thomas Jefferson famously said, "Never put off till tomorrow what you can do today." CHARLES D. CLEVELAND, A COMPENDIUM OF AMERICAN LITERATURE 190 (1971). The Court fails to follow this sage advice. I respectfully dissent from the denial of Columbia Medical's Motion to Clarify the Mandate.